IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JEROME EUGENE TODD,
Inmate ID Number 33233-086,
    Plaintiff,

vs.                                              Case No.: 5:17cv39/MCR/EMT

UNITED STATES, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the federal Bureau of Prisons ("BOP"), commenced this civil rights action on February 7, 2017, by filing a complaint under 28 U.S.C. § 1331 or § 1346 and 42 U.S.C. § 1983 (ECF No. 1). He has not paid the filing fee.

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of the issues raised by Plaintiff, as well as Plaintiff's litigation history (all of which he failed to disclosed in his Complaint, Amended Complaint, or proposed Second Amended Complaint (*see* ECF Nos. 1, 4, 6)), it is the opinion of the undersigned that this case should be dismissed, pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of five federal civil actions previously filed by Plaintiff, while he was incarcerated, which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* Todd v. English, No. 5:14cv56/WS/GRJ, Order (N.D. Fla. Apr. 22, 2014) (dismissing civil rights complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)); Todd v. Mukasey, No. 2:14cv1873-JCC, Order (W.D. Wash. Jan. 6, 2015) (dismissing civil rights complaint for failure to state a claim); Todd v. House of Representatives, No. 1:15cv1278-UNA, Memorandum Opinion and Order (D.D.C. Aug. 10, 2015) (dismissing civil rights complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915A); Todd v. Lynch, No. 2:15cv1737-RSM, Order (W.D. Wash. Jan. 5, 2016) (dismissing civil rights complaint as frivolous, pursuant to § 1915(e)(2)(B)(i)); and Todd v. U.S. Dep't of Justice, No. 5:16cv237/LAC/GRJ (N.D. Fla. Nov. 8, 2016) (dismissing civil case for failure to comply with an order of the court and as frivolous, pursuant to § 1915A).[1]  Accordingly, Plaintiff may not litigate this case in forma pauperis, unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown, 387 F.3d at 1344.

---

[1] The inmate identification number of the plaintiff in all five of these cases is the same as Plaintiff's inmate identification number in this case, BOP Inmate ID Number 33233-086.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d at 1350. When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding

that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In this case, Plaintiff, who is currently housed at FCI-Marianna, sues the State of Washington and several federal agencies and officials, claiming that the Honorable James L. Robert, the federal judge who presided over Plaintiff's criminal case in the United States District Court for the Western District of Washington, Case No. 2:07cr395-JLR, committed several torts, including false imprisonment, assault and battery, malicious prosecution, theft, civil conspiracy, invasion of privacy, conversion, abuse of process, negligence, violation of the "anti-peonage act" and the Thirteenth Amendment, "price-fixing conspiracy," fraud, and a violation of the "Detainee Treatment Act" (ECF No. 6).[2] Plaintiff also claims that the State of Florida violated

---

[2] According to the partial docket sheet of Case No. 2:07cr395-JLR submitted with Plaintiff's Amended Complaint, Plaintiff was convicted on September 29, 2008, of one count of conspiracy

his First, Fourth, and Fourteenth Amendment rights (*id.*). Plaintiff seeks monetary damages and injunctive relief (*id.*).

Plaintiff's allegations do not suggest that at the time he filed the complaint in this case, on February 7, 2017, he was under imminent danger of serious physical injury. Therefore, his allegations fail to show that he qualifies to proceed under the "imminent danger" exception of § 1915(g).

Because Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *See* Dupree, 284 F.3d at 1236. Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

---

to engage in sex trafficking, three counts of sex trafficking, and one count of interstate transportation in furtherance of prostitution (*see* ECF No. 4).

Case No.: 5:17cv39/MCR/EMT

At Pensacola, Florida, this 2<u>nd</u> day of March 2017.

          /s/ *Elizabeth M. Timothy*
          **ELIZABETH M. TIMOTHY**
          **CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.